DLD-163                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1191
_____

DARREN-JAMES MICHAELS,
Grantor/Beneficiary Complainant, In Personam,
Appellant

v.

LISA ECHEVERRI VICKERS, trustee, In Personam;
JEFF ATWATERS, trustee, In Personam;
LADASIAH JACKSON FORD, In Personam
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 11-cv-00157)
District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 19, 2012

Before: AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed April 30, 2012)
_____

OPINION
_____

PER CURIAM

In August 2011, Darren-James Michaels filed a pro se complaint in the District Court for the Western District of Pennsylvania. He filed an amended complaint in September 2011, alleging breach of trust, trespass, and fraud. He sought declaratory relief, specific performance of a trust, a general injunction to restrain, and the return of trust res. He emphasized that his is a "suit in equity." His claims relate to a delinquent Florida child support order. The appellees are all Florida residents and employees of the Florida government.

The District Court dismissed the complaint on December 15, 2011, for lack of subject matter jurisdiction. It determined that Michaels had failed to allege any facts establishing a federal question. His claims implicated state law concepts only. Furthermore, the District Court found, it lacked jurisdiction on diversity of citizenship grounds. Michaels failed to demonstrate the requisite jurisdictional amount in controversy, as his claims were based in equity and he sought no money damages. The District Court also noted that Michaels claimed to be a "'state national' of the Republic of Pennsylvania," but the record indicated that he is a resident of Florida, as are the remaining parties. Michaels filed a motion to vacate or reconsider on January 3, 2012, and a notice of appeal on January 19, 2012. The District Court denied the motion to vacate and reconsider on April 4, 2012.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm. The District Court correctly noted that the complaint does not allege a violation of the Constitution or

federal law. <u>See</u> 28 U.S.C. § 1331. Additionally, for the reasons stated by the District Court, Michaels fails to demonstrate any basis for diversity jurisdiction. <u>See</u> 28 U.S.C. § 1332. Because we conclude that this appeal presents no substantial question, we will summarily affirm. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Michaels has filed numerous motions in this Court while his appeal has been pending, including motions to expedite, for special chancellor and special master, for sanctions against appellees, and numerous motions to strike appellees' responses and pleadings. All of his motions are denied. Appellees' motion for the issuance of an order to show cause is denied as unnecessary.